MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-MAIL: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025-1041
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

MARK B. WILSON – (SBN: 137400)
E-MAIL: wilson@kleinandwilson.com
AMY NGUYEN – (SBN: 307617)
E-MAIL: anguyen@kleinandwilson.com
**KLEIN & WILSON**
A Partnership of Professional Corporations
4770 Von Karman Avenue
Newport Beach, California 92660
Telephone: (949) 631-3300
Facsimile: (949) 631-3703

Attorneys for Plaintiff,
**LS CARLSON LAW PC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LS CARLSON LAW PC, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>MBK CHAPMAN PC, a California corporation; MICHAEL KUSHNER, an individual; WILLIAM CHAPMAN, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:21-cv-518<br><br>**COMPLAINT FOR**<br>1. **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>2. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (§ 43(A) OF THE LANHAM ACT)**<br>3. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br>4. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE (§17200)**<br><br>**DEMAND FOR JURY TRIAL** |

1

592911

Plaintiff LS Carlson Law PC, by and through its counsel of record, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action against MBK Chapman PC ("MBK"), Michael Kushner ("Kushner"), William Chapman ("Chapman") and DOES 1-10 for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq, false designation of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 et seq., unfair competition under California common law, and for violations of California Business and Professions Code § 17200 et seq. This Court has subject matter jurisdiction over the copyright infringement, false designation of origin, and unfair competition under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), 15 U.S.C. §1125, and 28 U.S.C. § 1338(a). This Court has subject matter jurisdiction over the California common law unfair competition claim and the violation of California Business and Professions Code under 28 U.S.C. § 1367 as the claims are so related that they are part of the same case or controversy as the copyright infringement, false designation of origin, and unfair competition claims.

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claims arise in this judicial district, MBK transacts business in this judicial district, Kushner and Chapman are both residents in this judicial district, and the injury LS Carlson Law PC suffered took place in this judicial district.

## PARTIES

3. LS Carlson Law PC is a California corporation. LS Carlson PC is a law firm that is in the business of providing real estate services in all manner of real estate related and business disputes. LS Carlson Law PC's principal place of business is in Aliso Viejo, California.

4. MBK is a California corporation. MBK is a law firm that is in the business of, among other things, negotiating and drafting real estate contracts and resolving real estate-related disputes. MBK's principal place of business is in Aliso Viejo, California.

5. Kushner is an attorney, a California resident, and a cofounder of MBK.

592911

6. Chapman is an attorney, a California resident, and a cofounder of MBK.

7. Does 1-10, inclusive, are defendants whose identities have not yet been ascertained. They are individuals, partnerships, corporations, or some other business entity. On information and belief, each Doe defendant was somehow responsible for the damages caused in this case. As soon as the true identities and capacities of the Doe defendants have been ascertained, this complaint will be amended to reflect the true names and capacities of each Doe defendant.

8. Each defendant was the agent, alter-ego, employee, principal, partner, joint venturer, employer, or in some other capacity derivatively responsible for each of the acts of the other defendants.

## STATEMENT OF FACTS

**A.     The Agreement**

9. On July 2, 2020, Spencer Shain, a former employee of Kushner Carlson, sued Kushner Carlson PC, Michael Kushner, and Luke Carlson (the "Shain Lawsuit").

10. The Shain Lawsuit includes claims of unlawful harassment, false imprisonment, assault, battery, and intentional infliction of emotional distress by Michael Kushner.

11. The Shain Lawsuit alleges multiple instances of emotional, physical, and sexual abuse by Michael Kushner including a closed fist assault to the face, a karate kick, and eye scratching.

12. On or around July 23, 2020, Luke Carlson, an attorney at Kushner Carlson PC, spoke with Michael Kushner about purchasing Kushner Carlson PC ("Kushner Carlson"), a law firm, from Kushner who was the sole owner of Kushner Carlson. Carlson and Kushner discussed drafting paperwork for Carlson's purchase of Kushner Carlson.

13. Kushner wanted to sell Kushner Carlson to distance himself from the firm and so that Kushner Carlson would indemnify Kushner from liability relating to the Shain Lawsuit. Indemnification was a crucial part of the sale discussions from the

3

beginning.

14. On July 29, 2020, Carlson and Kushner met and carefully reviewed a Stock Purchase Agreement for the sale of Kushner Carlson to Luke Carlson. After the review, Kushner executed the transfer documents including the Stock Purchase Agreement ("Agreement"), Stock Assignment Separate from Certificate, and Resignation. Carlson countersigned the Agreement in front of Kushner.

15. Per the Agreement, Carlson paid Kushner consideration of $1,000 the same day. Additionally, the Agreement included language to provide Kushner defense and indemnify Kushner from liabilities, including liability arising from the Shain Lawsuit.

16. Per the Agreement and Stock Assignment Separate from Certificate, Kushner sold, transferred, and assigned to Carlson, one hundred (100%) percent of the Kushner Carlson's issued and outstanding shares of capital stock.

**B.  LS Carlson Law's Copyrights**

17. In 2017 and with various updates made thereafter, Kushner Carlson's website was created as a work made for hire with Kushner Carlson as the owner and author.

18. In 2020 and with various updates made thereafter, the Essential Guide to HOAs for the State of California was created as a work made for hire with Kushner Carlson as the owner and author.

19. During the creation of the Kushner Carlson website and Essential Guide to HOAs for the State of California, Kushner was a W-2 employee and Kushner's involvement in the creation of these documents was a work made for hire.

20. Kushner Carlson owned the documents for all relevant time periods including after the parties signed the Agreement and Carlson obtained ownership of Kushner Carlson.

21. On or about August 13, 2020, LS Carlson Law PC changed the name of "Kushner Carlson PC" to "LS Carlson Law PC."

22. On or about August 28, 2020, LS Carlson Law PC updated the Kushner

592911

1 Carlson website to reflect the change in ownership and name change from Kushner
2 Carlson PC to LS Carlson Law PC.

3     23. On January 7, 2021, LS Carlson Law PC updated its Essential Guide to
4 HOAs for the State of California to reflect the change in ownership and name change
5 from Kushner Carlson PC to LS Carlson Law PC.

6     24. On February 11, 2021, LS Carlson Law PC filed an application to register
7 its works "Essential Guide to HOAs – California" and "LS Carlson Law Website"
8 ("Copyrights") with the U.S. Copyright Office.

9     25. On February 12, 2021, LS Carlson Law PC completed registration for the
10 "Essential Guide to HOAs – California" copyright. A copy of the correspondence from
11 the U.S. Copyright Office confirming registration is attached as Exhibit A.

12     26. On February 16, 2021, LS Carlson Law PC completed registration for the
13 "LS Carlson Law Website" copyright. A copy of the correspondence from the U.S.
14 Copyright Office confirming registration is attached as Exhibit B.

15     27. On information and belief, on or before January 14, 2021, Defendants
16 created a Yelp page identifying MBK as formerly known as Kushner Carlson, PC, and
17 a copy of that Yelp page is attached as Exhibit C.

18     28. On information and belief, or before January 24, 2021, Defendants created
19 and published their website "www.mbkchapman.com."

20     29. Much of the content of "mbkchapman.com" was derived from, copied
21 from and reproduced from the copyrighted "LS Carlson Law Website," without
22 authority to do so.

23     30. Defendants had access to the copyrighted "LS Carlson Law Website"
24 because Kushner was formerly associated with LS Carlson Law PC, this copyrighted
25 material was on LS Carlson Law PC's computers, and it was accessible to anyone
26 looking at LS Carlson Law PC's website.

27     31. The MBK Chapman website, mbkchapman.com, includes a place for
28 visitors to indicate they want a copy of a document entitled "Homeowner's Essential

592911

Guide to Homeowner Associations."

32. The "Homeowner's Essential Guide to Homeowner Associations" is derived from and is essentially a copy of the "Essential Guide to HOAs – California" copyright.

33. Defendants had access to the copyrighted "Essential Guide to HOAs – California" copyright because Kushner was formerly associated with LS Carlson Law PC, and this copyrighted material was on LS Carlson Law PC's computers.

34. Since about March 16, 2021, Defendants created Instagram posts including the hashtag #lscarlsonlaw to cause confusion in the marketplace and convince readers that MBK is LS Carlson Law PC.

## FIRST CLAIM FOR RELIEF

## (For Copyright Infringement under 17 U.S.C. § 501

## By LS Carlson Law PC Against All Defendants)

35. LS Carlson Law PC incorporates by reference paragraphs 1 through 34 of this complaint as though fully set forth.

36. At all relevant times, LS Carlson Law PC owned the Copyrights.

37. Before the name change, Kushner Carlson owned the Copyrights by right of the Copyrights being a work made for hire.

38. Kushner never had any individual ownership interest in the Copyrights because they were created as a work made for hire for Kushner Carlson.

39. Upon execution of the Agreement, all rights and interest in Kushner Carlson passed to Luke Carlson.

40. LS Carlson Law PC attached proof of its copyright registrations as Exhibits A and B. These copyright registrations are *prima facie* evidence of the validity of the Copyrights and the facts stated in the copyright registration certificates. The Copyrights protect copyrightable subject matter.

41. Defendants infringed LS Carlson Law PC's right to reproduce, make copies, distribute, or create derivative works by publishing LS Carlson Law PC's

Copyrights on "mbkchapman.com."

42. Defendants offered copies of LS Carlson Law PC's Copyrights to the public through "mbkchapman.com."

43. Defendants knew or should have known that their acts constituted copyright infringement.

44. Defendants' infringing conduct was willful within the meaning of the Copyright Act of 1976.

45. As a result of Defendants' infringement of the Copyrights, LS Carlson Law PC is entitled to: (a) a declaration, pursuant to 28 U.S.C. § 2201, that defendants have infringed the Copyrights; (b) entry of a preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyrights; (c) an order of impoundment, pursuant to 17 U.S.C. § 503(a)(1)(A), impounding all devices containing copies of the copyrighted material in Defendants' possession, custody, control, or within its distribution channels; (d) an award of actual damages and profits under 17 U.S.C. §504(b); (e) an award of statutory damages for willful infringement under 17 U.S.C. §504(c); and (d) an award of costs, prejudgment interest, and attorneys' fees, pursuant to 17 U.S.C. §505.

**SECOND CLAIM FOR RELIEF**
**(For False Designation of Origin and Unfair Competition pursuant to Section 43(a) of the Lanham Act By LS Carlson Law PC Against All Defendants)**

46. LS Carlson Law PC incorporates by reference paragraphs 1 through 34 and 36 through 45 of this complaint as though fully set forth.

47. Defendants continue to use LS Carlson Law PC's Copyrights without LS Carlson Law PC's consent to advertise and promote Defendants' services.

48. Defendants continue to use a website and marketing materials that look very similar to LS Carlson Law PC's website and marketing materials to deceive and confuse consumers that MBK is LS Carlson Law PC or is affiliated with LS Carlson Law PC.

7

49. Defendants falsely claimed to be formerly known as Kushner Carlson through Yelp.

50. Defendants continue using hashtags incorporating the entirety of LS Carlson Law PC's name on Instagram posts to deceive and confuse consumers and confuse consumers that MBK is LS Carlson Law PC or is affiliated with LS Carlson Law PC.

51. Defendants' conduct is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with LS Carlson Law PC.

52. Defendants' conduct constitutes commercial advertising or promotion. Because Defendants are using LS Carlson Law PC's Copyrights to advertise for and promote MBK, Defendants are misrepresenting the nature, characteristics, and qualities of their services.

53. Defendants' conduct constitutes false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Irreparable harm to LS Carlson Law PC is imminent because of Defendants' conduct, and LS Carlson Law PC is without an adequate remedy at law. LS Carlson Law PC is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in any further such unlawful acts.

55. Defendants' acts were done intentionally and with knowledge of LS Carlson Law PC's rights.

56. As a result of Defendants' false designation of origin and unfair competition, LS Carlson Law PC has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees, due to the exceptional nature of the case, under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
**(For California Common Law Unfair Competition By LS Carlson Law PC Against All Defendants)**

57. LS Carlson Law PC incorporates by reference paragraphs 1 through 34 and 36 through 45 and 47 through 56 of this complaint as though fully set forth.

58. Defendants' continued use of LS Carlson Law PC's Copyrights without LS Carlson Law PCs' consent and/or causing, inducing, or materially contributing to such use serves to "pass off" Defendants as LS Carlson Law PC and constitutes unfair competition under common law.

59. Defendants continue to use a website and marketing materials that look very similar to LS Carlson Law PC's website and marketing materials to deceive and confuse consumers.

60. Defendants claimed to be formerly known as Kushner Carlson through Yelp.

61. Defendants continue using hashtags incorporating the entirety of LS Carlson Law PC's name on Instagram posts to deceive and confuse consumers.

62. Defendants are intentionally trying to mislead potential clients and are using LS Carlson Law PC's Copyrights to divert business from LS Carlson Law PC to Defendants.

63. Irreparable harm to LS Carlson Law PC is imminent because of Defendants' conduct, and LS Carlson Law PC is without an adequate remedy at law. LS Carlson Law PC is thus entitled to a permanent injunction, restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such unlawful acts.

64. Defendants' acts were done fraudulently, intentionally and with knowledge of LS Carlson Law PC's rights.

65. Defendants should be ordered to pay damages in an amount to be determined at trial, plus interest, and Defendants should be ordered to disgorge profits derived from their conduct. Defendants' conduct was malicious, oppressive and/or fraudulent, so LS Carlson Law PC is entitled to punitive damages.

**FOURTH CLAIM FOR RELIEF**
**(Violation of California *Business and Professions***

***Code* § 17200, et. seq. By LS Carlson Law PC Against All Defendants)**

66. LS Carlson Law PC incorporates by reference paragraphs 1 through 34 and 36 through 45 and 47 through 56 and 58 through 65 of this complaint as though fully set forth.

67. Defendants continue to use a website and marketing materials that look very similar to LS Carlson Law PC's website and marketing materials to deceive and confuse consumers.

68. Defendants claimed to be formerly known as Kushner Carlson through Yelp.

69. Defendants continue using hashtags incorporating the entirety of LS Carlson Law PC's name on Instagram posts to deceive and confuse consumers.

70. Defendants' conduct as constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts and/or practices in the conduct of any trade or commerce in violations of California Business and Professions Code § 17200.

71. Defendants' conduct, in violation of California Business and Professions Code §§ 17200, et seq., has caused, and is likely to cause, public confusion, deception, mistake, and infringes LS Carlson Law PC's rights, including its Copyrights and good will associated with them.

72. Irreparable harm to LS Carlson Law PC is imminent because of Defendants' conduct, and LS Carlson Law PC is without an adequate remedy at law. LS Carlson Law PC is thus entitled to a permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from further engaging in such unlawful acts.

73. As a result of Defendants' actions, the court should appoint a receiver to prevent Defendants' further use of LS Carlson Law PC's Copyrights, and the court should order restitution (i.e., Defendants should disgorge all money or profits earned as a result of their unfair competition), plus costs.

# PRAYER FOR RELIEF

WHEREFORE, LS Carlson Law PC prays for judgment against all Defendants as follows:

**As to the First Cause of Action:**

1. A judgment that includes:

    A. a permanent injunction, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyrights;

    B. an order of impoundment, impounding all devices containing copies of the copyrighted material in Defendants' possession, custody, control, or within its distribution channels;

    C. an award of actual damages and profits;

    D. an award of statutory damages for willful infringement;

    E. an award of attorneys' fees; and

    F. prejudgment interest.

**As to the Second Cause of Action:**

2. A judgment that includes:

    A. a permanent injunction, restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from (i) using LS Carlson Law PC's Copyrights; (ii) claiming to be formerly known as Kushner Carlson and (iii) using hashtags incorporating LS Carlson Law PC's name;

    B. damages in an amount to be determined at trial; and

    C. attorneys' fees.

**As To The Third Cause Of Action:**

3. A judgment that includes:

11

  A. permanent injunction, restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from (i) using LS Carlson Law PC's Copyrights; (ii) claiming to be formerly known as Kushner Carlson and (iii) using hashtags incorporating LS Carlson Law PC's name;

  B. damages in an amount to be determined at trial;

  C. prejudgment interest;

  D. an order requiring Defendants to disgorge profits derived from their conduct; and

  E. punitive damages.

**As To The Fourth Cause Of Action:**

4. A judgment that includes:

  A. a permanent injunction, restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from (i) using LS Carlson Law PC's Copyrights; (ii) claiming to be formerly known as Kushner Carlson; (iii) using hashtags incorporating LS Carlson Law PC's name;

  B. damages in an amount to be determined at trial;

  C. prejudgment interest;

  D. an order requiring Defendants to disgorge profits derived from their conduct; and

  E. punitive damages.

**As to All Causes of Action**

5. Costs of suit and

6. Any and all relief the court may deem just and proper

Respectfully submitted,
**HANKIN PATENT LAW, APC**

Dated: March 19, 2021  By: *Marc E. Hankin*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                                Marc E. Hankin, Esq.
                                                Attorneys for Plaintiff,
                                                **LS CARLSON LAW PC**

592911

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff LS Carlson Law PC hereby demands a trial by jury as to all issues so triable.

                                          Respectfully submitted,

                                          **HANKIN PATENT LAW, APC**

Dated: March 19, 2021          By:   *Marc E. Hankin*

                                          Marc E. Hankin, Esq.

                                          Attorneys for Plaintiff,
                                          **LS CARLSON LAW PC**